UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:07CV-00132-ERG

AA-1 SERVICES, INC.                                                                                    PLAINTIFF

VS.

PITTSBURG TANK & TOWER CO., INC.                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT

This Court previously granted AA-1's first motion for summary judgment (See Memorandum Opinion at DN 33) holding that Pittsburg Tank is liable to AA-1 for its failure to perform work under the Subcontract, reserving the issue of damages.

AA-1 now files its Second Motion for Summary Judgment (DN 35 with supporting Memorandum at DN 38) asking to be awarded judgment against Pittsburg Tank in the sum of $92,159. In support of its motion AA-1 has submitted Exhibits A through E including affidavits from Jerry Slomkoski, Chief Financial Officer of CJS Industrial Maintenance, Inc. and Michael DeFrank, Project Engineer, City of Vernon, California.

Pittsburg Tank has filed its Response (DN 40) objecting to AA-1's motion and submits Exhibits 1 through 5 in support thereof. AA-1 has filed a Reply (DN 41) to this Response. The matter is ripe for determination.

In this Court's Memorandum Opinion and Order granting AA-1's initial motion for summary judgment, the Court opined, "Thus, if the sums paid to CJS Maintenance represent the reasonable cost of securing replacement performance for the exact same work that was to have been

performed by Pittsburg Tank, the sum of $92,159 is a proper measure of damages." The Court then indicated that two questions remained: "First, was CJS paid for performing the exact same work Pittsburg Tank was to have performed, or was there a difference in the work, brought on, for example, by an approved change order? Secondly, was the money paid to CJS a reasonable sum for the work performed?" (DN 33, p. 9). The Court indicated it did not have sufficient evidence before it to decide the issue.

The supporting documents filed by AA-1 in this second motion now provide a proper basis for ruling on this damages issue. The affidavits of Slomkoski and DeFrank together with the other documents submitted by Plaintiff make it clear that CJS performed the same work Pittsburg Tank failed to perform under the Subcontract. It was paid the sum of $185,950[1] for this work, this sum being the reasonable cost to AA-1 of securing substitute performance on the City of Vernon, California project.

Notably, Pittsburg Tank has submitted no affidavits to counter the facts set forth in the Slomkoski and DeFrank affidavits, nor has it pointed to anything in the record that refutes the factual content of these affidavits. Pittsburg Tank argues that AA-1's contract with CJS (See Exhibit 6 to Response, DN 40) fails to define the work to be performed by CJS, and that the confusion of dates on CJS's written bid proposal (See Exhibit 5 to Response, DN 40) to AA-1 somehow cast doubt upon the truth of the affidavits of Slomkoski and DeFrank. These arguments fail to hit the

---

[1]The bid by CJS and the sum actually paid to it is somewhat of a moving target. The Complaint (DN 1) herein demands $92,950, in damages. AA-1's first motion for summary judgment asserts CJS was paid the sum of $185,159, and asks for judgment in the sum of $92,159. The CJS bid (Exhibit 5, response to motion for summary judgment, DN 40) and the actual contract between AA-1 and CJS (Exhibit 6, response to motion for summary judgment, DN 40) indicates the sum was $185,950. The Slomkoski affidavit states in paragraph 4 that CJS bid the work at $185,950 and in paragraph 8 that it bid the work at $185,900.

mark and simply do not overcome the direct statements of fact by the two affiants.

The Slomkoski and DeFrank affidavits make it clear that CJS bid to the plans and specifications for the structural work on Contract No. 598, Elevated Tank Seismic Upgrade and Exterior Paint, items 1 through 4, for the City of Vernon, California, *the same as that bid upon by Pittsburg Tank*; that CJS actually performed this work for the sum of $185,950 and this sum represents AA-1's reasonable cost of securing replacement performance when Pittsburg Tank wrongfully refused to perform. Thus, the proper measure of damages for Pittsburg Tank's breach of contract is the difference between $185,950 (AA-1's cost of replacement) and $93,000 (Pittsburg Tank's bid on the project), or $92,950. The record in this action, taken as a whole, could not lead a rational trier of fact to find for Pittsburg Tank, and there is no genuine issue for trial on either the issue of liability or damages. Matsushita v. Electric Industrial Co., 475 U.S. 574, 587 (1986).

Because of the confusion in what CJS was actually paid, as noted herein, and because AA-1's motion asks for judgment in a lesser amount ($92,159), the Court will award the lesser amount.

NOW THEREFORE IT IS HEREBY ORDERED that AA-1's Second Motion for Summary Judgment is GRANTED and it shall have judgment against Pittsburg Tank in the sum of Ninety-two Thousand One Hundred Fifty-nine ($92,159) Dollars.

Copies:     Counsel of Record